## SHAWNEE-TECUMSEH TRACTION CO. v. NEWCOME.

No. 6311—Opinion Filed July 11, 1916.

(158 Pac. 1193.)

### 1. Trial—Instructions—Pleadings.

It is not error for the court to instruct the jury on the nature and extent of the pleading, in order that the jury may determine whether the allegations have been supported by the proof.

### 2. Trial—Injuries to Passengers—Instructions.

The theory of the cause of action in the instant case was a negligent injury. This

theory was maintained throughout the trial. The instructions examined, and held to properly charge the jury on the question of negligence.

### 3. New Trial—Grounds—Newly Discovered Evidence.

Newly discovered evidence merely cumulative is not sufficient grounds for a new trial.

(Syllabus by Rittenhouse, C.)

Error from Superior Court, Pottawatomie County; George C. Abernathy, Judge.

Action by Theodore M. Newcome against the Shawnee-Tecumseh Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Edward Howell, for plaintiff in error.

P. O. Cassidy and E. D. Reasor, for defendant in error.

Opinion by RITTENHOUSE, C. This action was brought for the purpose of recovering damages for injuries sustained while a passenger on an interurban car belonging to the defendant. The allegations of the petition relative to the infliction of the injury are as follows:

"* * * That, in order to protect himself from being thrown from said platform, the plaintiff stood with his back against the front end of the car and took hold of the handle of the left door, in the front of said car; that the doors on each end of said car are double doors, and slide back into the sides of the car when opened; that there are two of such handles on each side of said double door, one on the inside and one on the outside, and when the door is closed and conductor or any other person desires to open said door, he must take hold of one of the said handles and pull sidewise and thus open the door; that, at the time of the accident hereinafter set forth, the front door of said car was closed and the plaintiff was standing on the front platform leaning with his back against the front end of said car and holding the left handle of said front door to protect himself from being thrown off said platform; that while the plaintiff was in this position the conductor in charge of said car, for and in the employ of said defendant, and who was on the inside of said car, took hold of the inside handle on the left side of the front door to open said door, and pulled it back before the plaintiff had time to remove his hand from the outside handle of the left side of said door, and as the conductor rapidly pulled said door open the elbow of this plaintiff's right arm was caught against the left jamb of said door, so that he could not disengage his hand from said door handle, or his elbow from said door jamb, and in a loud voice this plaintiff called to said conductor, saying, 'Stop, you are breaking my arm.' But the conductor still pulled on said handle attempting to open said door, again the plaintiff called to the conductor in a loud voice to

stop; that he was breaking his arm, but, notwithstanding the conductor plainly and distinctly heard the remonstrations of this plaintiff, he paid no attention whatever to them, but instead in a violent and angry manner the said conductor placed his foot against the right side of said door jamb and threw his whole weight and strength against the said door and violently forced the said door open while this plaintiff's hand and arm was thus fastened between the door handle and jamb, so that he was unable to withdraw it, thereby maiming and breaking the wrist of this plaintiff's right arm to such an extent as to render it absolutely useless.
* * * *"

The court instructed the jury as to the allegations of the plaintiff's petition and defendant's answer, as follows:

"No. 1. In this case the plaintiff sues the defendant for damages for an injury which plaintiff alleges he received on or about the 8th day of May, 1911, on a street car belonging to and operated by the defendant. The plaintiff alleges that on account of the crowded condition of the car he stood on the front platform, and in order to steady himself took hold of the handle on the left door of the car as same was going from Tecumseh toward Shawnee; that the conductor in charge of the said car took hold of the handle on the inside of said door and in opening same pulled the door back before the plaintiff could remove his hand from the handle on the outside, and the plaintiff's right arm was caught between the handle and the left jamb of said door so that he could not disengage his hand from the handle or his elbow from the jamb, and although the plaintiff called to the conductor twice to stop, that he was breaking the plaintiff's arm, the conductor still pulled on said handle, attempting to open the door, and notwithstanding the conductor plainly and distinctly heard the plaintiff he paid no attention thereto, but in a violent and angry manner the conductor placed his foot against the right side of the door jamb and threw his whole weight and strength against the said door and violently forced the said door open, while the plaintiff's arm and hand were thus fastened, thereby breaking the wrist of the plaintiff's right arm to such an extent as to render it absolutely useless, and because of the maiming and breaking of said wrist the bone thereof has become rotten and the flesh and skin covering the bone periodically breaks out in sores, and on several occasions pieces of bone of said wrist came out through said sore. That plaintiff has been unable to perform any kind of work since the said 8th day of May, 1911. That prior to the time of sustaining said injury the plaintiff was a strong, vigorous, and healthy man, a machinist and boilermaker by trade, and earning and capable of earning 75 cents per hour, or $6 per day of eight hours, but since said injury plaintiff has been incapacitated from performing any kind of labor; that said injuries were caused

by the gross and criminal negligence of the said conductor.

"Defendant denies each and every allegation contained in the petition."

It is argued that there was error in the giving of this instruction. No plausible reason is given why this instruction constitutes reversible error. It informs the jury of the nature of the plaintiff's cause of action, as alleged in his petition, and the answer of the defendant, which was a general denial of those allegations. It is one of the provinces of an instruction to inform the jury of the nature and extent of the pleadings, but to make a statement of the issues involved in the case, so that the jury may determine whether the allegations have been supported by the evidence. Brickwood's Sackett on Instructions to Juries, secs. 169, 170. We find no error in the actions of the court in this regard.

It is next argued that there was error in the giving of instructions Nos. 3 and 5, which are as follows:

"No. 3. You are instructed that it is the duty of the defendant to afford protection to passengers on its cars, and this protection extends to the prevention of injuries to passengers from the negligent acts of the servants and employes of the defendant. And you are instructed that the defendant is liable to make compensation for any injury caused to the passengers by the negligent act of any employe of the defendant acting within the course of his employment."

"No. 5. You are instructed that, if you find from the evidence that the plaintiff knowing that the conductor in the performance of his duty as such was required to open and pass through the door in question, and the plaintiff took hold of the said door for the purpose of preventing the conductor from coming through and held to said door, notwithstanding the efforts of the conductor to open same, then you are instructed that the plaintiff is guilty of contributory negligence, and your verdict should be for the defendant, although you may believe from the evidence that the conductor was guilty of negligence in failing to see that the plaintiff's hand and arm was in such condition that he could not extract himself, unless you further find from the evidence that the plaintiff desisted from his efforts to hold the door and gave notice to the conductor that he had desisted in time to enable the conductor to cease the effort to open the door and avoid the injury to the plaintiff."

The specific error complained of is that these instructions introduced into the case, for the consideration of the jury, the question as to whether there had been negligence on the part of the defendant, while the action was not for injuries caused by negligence, but on injury willfully and intentionally inflicted. The case of Chicago, R. I. & P. Ry.

Co. v. Matukas, 47 Okla. 302, 147 Pac. 1038, is cited in support of the contention that an injury inflicted as a result of negligence is not included in the question whether it was willfully and intentionally inflicted. This case was commenced and tried upon the theory of negligent injury, and it is not alleged in the petition here, as in the Matukas Case, supra, that the injury was willfully and intentionally inflicted. The instructions complained of do not in any manner enlarge upon the negligence as alleged and proved. It is evident from the pleadings and the evidence that the plaintiff did not rely upon a willful and intentional injury, but upon a negligent injury, and we think the foregoing instructions fairly present the plaintiff's theory of the case to the jury.

It is argued with a great amount of confidence that the instant case is similar to that of Chicago, R. I. & P. Ry. Co. v. Matukas, supra, but we can find no similarity. In that case, the theory was a negligent injury, while the instruction confused the issue by charging not only a negligent injury but the theory of a willful and intentional injury, and the court, very properly reversed the cause for a new trial. In that case it was said:

"* * * In choosing a theory upon which to predicate his case, plaintiff had a right to elect, if, in his judgment, the facts were capable of a double construction (1 Shear. & Red. Neg. [5th Ed.] 7), between suing on a charge of willful injury or on a charge of negligent injury, or, in other words, upon the theory that, although a trespasser, he was entitled to recover on account of a willful injury, in that the fireman intentionally injured him by putting him off the train as he did, or upon the theory that, although a trespasser, he was entitled to recover on account of a negligent injury, in that the fireman, after discovering his perilous position, failed to exercise ordinary care in ejecting him from the train. He chose the latter, shaped his pleading accordingly, leveled his proof to sustain it, was bound thereby, and was entitled to go to the jury, properly instructed, upon that theory. Now, precisely what the court did when the case got there was, by the charge in question, in effect, to peremptorily instruct that jury that he could not recover upon his chosen theory, but could recover only if plaintiff was a trespasser, which he undoubtedly was, or on the other theory, and proof of a willful injury. If this were all, it might well be said that this instruction cut plaintiff off from a tenable theory, and compelled him to recover upon a wholly untenable one, and might be likened to compelling him to make brick without straw, and, as he recovered notwithstanding, that the error was one about which the defendant could not be heard to complain. But such is not all that can be drawn from that instruction, for, on the other hand, when the

court told the jury, 'Therefore unless you shall find from the preponderance of the evidence that the fireman of the defendant acted in a willful and wanton manner, and that such acts were the proximate cause of the injury, your verdict shall be for the defendant.' he, in effect, told them that, if they found that the fireman injured him intentionally, their verdict should be for the plaintiff. An instruction such as this, which, in effect, tells the jury where the allegata charges a negligent injury, that the plaintiff may recover should the jury find the probata to establish a willful injury, is erroneous and prejudicial to the right of defendant to have the question of its alleged negligence fairly submitted to the jury; and this for two reasons: (1) There is no evidence in the case to show, and no attempt was made to show, that defendant had any intention of injuring plaintiff; and (2) the instruction is without the issues joined."

The court in this case has properly instructed the jury upon the law applicable to the theory upon which the cause of action was founded; and we find no error in the giving of instructions Nos. 3 and 5.

An examination of the affidavits of newly discovered evidence reveals the fact that the evidence which is alleged to have been newly discovered is merely cumulative and would not be sufficient to warrant the court in granting a new trial.

The judgment should therefore be affirmed.

By the Court. It is so ordered.